**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Insight Direct USA Incorporated, | No. MC-19-00042-PHX-MTL |
| Petitioner, | **ORDER** |
| v. | |
| Gorilla Incorporated, | |
| Respondent. | |
| Jon Kirsch. | |
| Movant. | |

Before the Court is Movant Jon Kirsch's Motion to Quash Subpoena and Memorandum in support thereof. (Docs. 1, 1-2.) For the reasons described herein, Mr. Kirsch has not established that the Court has subject-matter jurisdiction over this case.

**I.  BACKGROUND**

Mr. Kirsch, an employee of SAP America, Inc. ("SAP"), moves pursuant to Rule 45 of the Federal Rules of Civil Procedure to quash or modify a subpoena issued in connection with an arbitration pending in Chicago, Illinois. The parties to the arbitration are Insight Direct USA, Inc. ("Insight") and Gorilla Inc. ("Gorilla").[1] On September 24, 2019, Gorilla issued a subpoena to Mr. Kirsch seeking eight categories of documents and his attendance at a deposition. (Doc. 4 at 5.) It was one of four substantially identical

---

[1] The arbitration is captioned *In the Matter of the Arbitration Between Insight Direct USA, Inc. v. Gorilla, Inc.*, Case No. 01-18-0004-2330. It is an American Arbitration Association proceeding. (Doc. 1-2 at 1.)

subpoenas that Gorilla issued to SAP or one of its employees at or around the same time.[2]

Over the coming months, Gorilla, Insight, and SAP worked to limit the scope of Mr. Kirsch's subpoena and extended the time for compliance. (Doc. 1-2 at 3–4; Doc. 9 at 2–3.) After they were ultimately unable to agree on the final terms, Mr. Kirsch brought the pending motion against Gorilla. In asserting the Court's subject-matter jurisdiction over the dispute, Mr. Kirsch's motion states:

> Movant Jon Kirsch is an individual residing in Arizona, and is therefore a resident of Arizona for diversity jurisdiction purposes.
> Respondent Gorilla, Inc. is an Illinois limited liability company with a principal place of business at 111 West Jackson Blvd. Suite 300, Chicago, IL 60604, and is therefore a resident of Illinois.
> The amount in controversy here exceeds $75,000.00 because the costs of compliance with the Subpoena will cause damages to Mr. Kirsch in an amount greater than $75,000.
> Accordingly, because diversity of citizenship is established and the amount in controversy exceeds $75,000, this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

(Doc. 1-2 at 2.) Gorilla filed a response (and supplement thereto) addressing the merits of the motion to quash. (Docs. 9, 10.). Neither party has disputed this Court's jurisdiction.

## II. ANALYSIS

A district court has an independent obligation to determine whether it has subject-matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Mr.

---

[2] The other subpoena recipients also challenged them in substantially identical motions to quash in the following three actions: *SAP America, Inc. v. Insight Direct USA, Inc. et al.*, 19-mc-00205-PD (E.D. Pa.); *Alexander Dieterle v. Insight Direct USA, Inc.* et al., 19-mc-80293-DMR (N.D. Cal.); and *Andreas Winkler Insight Direct USA, Inc. et al.*, 19-mc-00130-WJM-MEH (D. Co.). (See Doc. 10.) The Eastern District of Pennsylvania denied the motion to quash on the merits; the Northern District of California denied it as filed in the improper district; and the District of Colorado ordered the movant to show cause why subject matter jurisdiction existed, at which point the movant dismissed the matter.

Kirsch asserts that diversity jurisdiction exists in this case. Diversity jurisdiction exists when there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. The party invoking diversity jurisdiction has the burden to demonstrate that it exists by a preponderance of the evidence. *See Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). The Court finds that Mr. Kirsch has not met this burden.

### A.     Individual Citizenship

As noted, Mr. Kirsch states that he is an "individual residing in Arizona, and is therefore a resident of Arizona for diversity jurisdiction purposes." (Doc. 1-2 at 2.) "But the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). To be a citizen of a state for diversity jurisdiction purposes, the individual must first be a United States citizen. *Id.* (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989)). An individual's citizenship is then determined by the state of *domicile*. A domicile is one's permanent home. *See Lew*, 797 F.2d at 749–50. It is where the individual resides with the intention to remain, or else the place where he or she intends to return. A person "residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter*, 265 F.3d at 857. *See also Rice v. Thomas*, 64 F. App'x 628, 629 (9th Cir. 2003) ("Residence is therefore only one factor in a domicile analysis.").

Mr. Kirsch has not alleged his state citizenship. Since the party asserting diversity jurisdiction bears the burden of proof, *see Lew*, 797 F.2d at 749, he has not asserted diversity jurisdiction. *See Lobaugh v. Am. Family Mut. Ins. Co. SI*, No. CV-19-05511-PHX-DWL, 2019 WL 5549172, at *1 (D. Ariz. Oct. 28, 2019) ("[T]he factual allegation that Plaintiff is a *resident* of Arizona does not establish that he is a *citizen* of Arizona for purposes of establishing diversity jurisdiction.") (emphasis in original).

### B.     Limited Liability Company Citizenship

Mr. Kirsch also states that "Respondent Gorilla, Inc. is an Illinois limited liability company with a principal place of business at 111 West Jackson Blvd. Suite 300, Chicago,

1  IL 60604, and is therefore a resident of Illinois." (Doc. 1-2 at 3.) A limited liability
2  company is a citizen of all states in which its members are citizens for purposes of diversity
3  jurisdiction. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th
4  Cir. 2006). Mr. Kirsch's jurisdictional allegations regarding Gorilla are therefore
5  insufficient as a matter of law. "[W]hat is required … is an affirmative allegation of the
6  citizenship of each member" of the limited liability company. *Ace Ventures, L.L.C. v. LQK,*
7  *L.L.C.*, No. 06-2346-PHX-PGR, 2006 WL 2882481, at *1 (D. Ariz. Oct. 4, 2006). These
8  allegations "are necessary for this Court to conclude whether diversity jurisdiction is
9  satisfied." *Id*. at *1 n.2. Because Mr. Kirsch did not include this information, the Court also
10 cannot determine whether diversity jurisdiction exists for this reason.

### C. Amount in Controversy

12 Diversity jurisdiction also requires that the amount in controversy exceed $75,000.
13 28 U.S.C. § 1332(a). Mr. Kirsch states, "the costs of compliance with the Subpoena will
14 cause damages in an amount greater than $75,000." (Doc. 1-2 at 3.) He also asserts that
15 compliance would entail a "substantial burden" because it would likely require the
16 production of "hundreds or thousands of documents" and require him to "spend an entire
17 day traveling to and from and attending an irrelevant deposition." (*Id.* at 9.) Mr. Kirsch
18 also states that the subpoena would require him to "search for and produce all responsive
19 documents that were created since the beginning of time because there is no date delimiter."
20 (*Id.*)

21 The amount in controversy may include "damages (compensatory, punitive, or
22 otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded
23 under fee shifting statutes." *Gonzales*, 840 F.3d at 648–49. However, "[c]onclusory
24 allegations as to the amount in controversy are insufficient." *Matheson v. Progressive*
25 *Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003). The Court finds that Mr.
26 Kirsch's allegations are insufficient to permit the Court to determine whether the amount
27 in controversy exceeds $75,000. Other than asserting as much, Mr. Kirsch does not
28 describe how the costs of compliance would exceed $75,000, nor does he assert any other

type of damages. In addressing a substantially identical subpoena issued to another SAP employee, Andreas Winkler, in the same arbitration, Magistrate Judge Michael E. Hagerty of the District of Colorado stated:

> The Court finds these statements insufficient to permit the Court to determine whether Mr. Winkler's assertion regarding the amount in controversy ("costs of compliance with the subpoena will cause damages…in an amount greater than $75,000") is plausible. Mr. Winkler does not explain "the beginning of tine" nor specify whether the documents actually number in the hundreds or the thousands (and/or how many thousands). Consequently, the Court finds Mr. Winkler fails to demonstrate the amount in controversy in this matter exceeds $75,000.00.

*Winkler v. Insight Direct USA, Inc.*, No. 1:19-mc-00130-WJM-MEH, at *7 (D. Colo.) (Feb. 11, 2020). This Court agrees. Mr. Kirsch has failed to assert diversity jurisdiction on this ground, as well.

### III.   CONCLUSION

Mr. Kirsch's allegations are not sufficient to permit the Court to determine the parties' citizenship and the amount in controversy—and, therefore, whether diversity jurisdiction exists in this matter. Mr. Kirsch must correct these deficiencies. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) ("Courts may permit parties to amend defective allegations of jurisdiction at any stage in the proceedings."). Accordingly,

**IT IS ORDERED** that no later than **June 26, 2020**, Movant Jon Kirsch shall show cause in writing why diversity jurisdiction exists in this matter pursuant to 28 U.S.C. § 1332.

**IT IS FURTHER ORDERED** that if Mr. Kirsch fails to timely do so, the Clerk of the Court shall, without further notice, dismiss this matter without prejudice for lack of subject-matter jurisdiction.

/ /

/ /

1    Dated this 18th day of June, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge